UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| JOHN CHRISTOPHER GARCIA<br>3401 38th Street, NW, Apt. 421,<br>Washington, DC 20016 | : <br> : <br> : <br> : | CIVIL ACTION NO. |
| Plaintiff | : <br> : | 1:05CV01126 (CKK) |
| v. | : <br> : <br> : | |
| PRODUCTS ITALIA MARKETING<br>AND MANAGEMENT COMPANY, INC.<br>1220 19th Street, NW, Suite 400<br>Washington, DC 20036 | : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| I RICCHI, Inc.<br>1220 19th Street, NW, Suite 400<br>Washington, DC 20036 | : <br> : <br> : <br> : | |
| Defendants | : | August 4, 2005 |

_____

## AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. The plaintiff brings this action for redress of injuries sustained because of the defendants' violations of the overtime provisions of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201, et. seq. at §207. The action seeks monetary, compensatory and liquidated damages and attorneys' fees.

2. This action is authorized by and instituted under §16(b) of the FLSA, 29 U.S.C. §216(b). Jurisdiction of this Court is conferred by §16(b) of the FLSA, 29 U.S.C. §216(b) and by 28 U.S.C. §1331 and §1337.

3. Venue is appropriate in the District of Columbia in accordance with 28 U.S.C. §1391(b), because this is the district in which the claim arose.

**THE PARTIES**

4. The plaintiff, John Christopher Garcia (hereinafter referred to as the plaintiff or Mr. Garcia), is a citizen of the United States who resides at 3401 38th Street, NW, Apt. 421, Washington, DC 20016.

5. At all times relevant herein, Mr. Garcia was an employee of the defendant, Products Italia Marketing and Management Company, Inc. (hereinafter referred to as the defendant or PIMMCO) and the defendant I Ricchi, Inc. as defined under §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1) and the joint employer doctrine.

6. The defendant PIMMCO is a corporation engaged in interstate commerce. At all times relevant herein, it did business in the District of Columbia, including operating a restaurant named Ristorante i Ricchi at 1220 19th Street, NW Washington, DC 20036.

7. The defendant, I Ricchi, Inc. (hereinafter called I Ricchi or the defendant) is a corporation engaged in interstate commerce. At all times relevant herein, it did business in the District of Columbia, including operating a restaurant named Ristorante i Ricchi at 1220 19th Street, NW Washington, DC 20036.

8. At all times relevant herein, the defendants had: (a) an interrelation of operations, (b) common management, (c) centralized control of its employee relations, including those governing Mr. Garcia's employment and (d) common ownership or financial control.

9. Further, at all times relevant herein, Richard Stewart, who was an employee of PIMMCO and the general manager of Ristorante I Ricchi, hired and fired

PIMMCO and I Ricchi employees, including Mr. Garcia, supervised and controlled the conditions of employment for PIMMCO's and I Ricchi's employees, including Mr. Garcia's, determined PIMMCO's and I Ricchi's employees' work schedules, including Mr. Garcia's, determined the rate and method of pay of all PIMMCO and I Ricchi employees, including Mr. Garcia's and maintained PIMMCO's and I Ricchi's employment records, including Mr. Garcia's.

10. At all times relevant herein, both defendants were Mr. Garcia's employer as defined under §3(d) of the FLSA, 29 U.S.C. §203(d) and under the joint employer doctrine.

**STATEMENT OF THE CLAIM** (Violations of the Overtime Provisions of the FLSA)

11. The plaintiff repeats, re-alleges and incorporates herein by reference paragraphs 1 to 10.

12. From on or about December 7, 2001 until March 22, 2005, Mr. Garcia was employed with the defendants as a front desk host at Ristorante I Ricchi.

13. Initially, Mr. Garcia was paid on an hourly basis through I Ricchi's payroll account. During this time, he received overtime pay at one and one-half times his hourly rate when he worked more than forty (40) hours in any work week.

14. On or about March 9, 2003, the defendants changed Mr. Garcia to a salaried employee although they made no change in his duties. After that, Mr. Garcia was paid through PIMMCO's payroll account.

15. In this position, Mr. Garcia would perform services for the defendants that regularly required him to work more than forty (40) hours in any one workweek.

16. From on or about March 9, 2003 until March 22, 2005, the defendants failed to pay Mr. Garcia at a rate of one and one half times his regular rate of pay for work weeks in which he worked more than forty hours.

17. The defendants' failure to pay Mr. Garcia for work at a rate of one and one half times his regular rate of pay for work weeks in which he worked more than forty hours violated §7(a)(1) of the FLSA, 29 U.S.C. §207(a)(1).

18. On information and belief, the defendants denied Mr. Garcia overtime wages they knew, or, they not been reckless, should have known, were owed to him under the FLSA.

19. The defendants attempted to classify Mr. Garcia as a salaried employee when, in fact, they knew that Mr. Garcia did not maintain management responsibilities over other employees for a substantial majority of the time in which he worked.

20. The defendants also deducted pay from Mr. Garcia's salary on certain days in which he did not work.

21. The defendants' violations of Mr. Garcia's rights under the FLSA were willful.

22. As a result of the defendants' violations of the FLSA, Mr. Garcia has lost overtime wages that he was entitled to receive.

## **DEMAND FOR RELIEF**

WHEREFORE, the plaintiffs request that this Court:

1. Issue a judgment for the plaintiff declaring that the defendants have violated the FLSA;

2. Award the plaintiff damages, with pre- and post-judgment interest, for all lost overtime wages and liquidated damages or double damages as provided for in 29 U.S.C. §216(b);

3. Award the plaintiff the costs of this action, including reasonable attorneys fees, as provided for under §16(b) of the FLSA, 29 U.S.C. §216(b).

4. Award the plaintiff such other and additional relief as may be just and proper.

## **REQUEST FOR TRIAL BY JURY**

The plaintiff respectfully requests a trial by jury as to all claims to which he is entitled.

    Respectfully submitted,
    THE PLAINTIFF,
    JOHN CHRISTOPHER GARCIA


By: /s/_____
    Jonathan L. Gould
    DC Bar # 491052
    KESTELL & ASSOCIATES
    717 D Street, NW, Suite 100
    Washington, DC 20004
    (202) 347-3889
    (202) 347-4482
    email jgould@igc.org