UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
| JOHN CHRISTOPHER GARCIA | : | CIVIL ACTION NO. |
|---|---|---|
| 3401 38th Street, NW, Apt. 421, | : | |
| Washington, DC 20016 | : | |
| | : | |
| Plaintiff | : | 1:05CV01126 (CKK) |
| | : | |
| v. | : | |
| | : | |
| PRODUCTS ITALIA MARKETING | : | |
| AND MANAGEMENT COMPANY, INC. | : | |
| 1220 19th Street, NW, Suite 400 | : | |
| Washington, DC 20036 | : | |
| | : | |
| and | : | |
| | : | |
| I RICCHI, Inc. | : | |
| 1220 19th Street, NW, Suite 400 | : | |
| Washington, DC 20036 | : | |
| | : | |
| Defendants | : | September 7, 2005 |
_____

## JOINT LOCAL CIV. R. 16.3 STATEMENT

1. The plaintiff brings this action against the defendants, his former employers[1], alleging violations of the overtime provisions of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201, et. seq. at

---

[1] Defendant maintains that the plaintiff was initially employed by I Ricchi, Inc. ("I Ricchi"), and that he was paid overtime while an employee of I Ricchi, Inc. Defendant also maintains that the plaintiff was later employed by Products Italia Marketing and Management, Co. ("PIMMCO"). It is for that later period the plaintiff has brought the

§207. The action seeks monetary, compensatory and liquidated damages and attorneys' fees. The Court has jurisdiction of this claim under §16(b) of the FLSA, 29 U.S.C. §216(b) and by 28 U.S.C. §1331 and §1337.

2. The parties suggest that this case should be placed in the standard track. Although there have been no dispositive motions filed in this case thus far, the plaintiff believes that this case can be disposed of by motion for summary judgment. Defendant PIMMCO disagrees.

3. Before the answer was filed, the plaintiff has filed an amended complaint and requested a waiver of service from another party I Ricchi, Inc. The plaintiff does not anticipate joining any other parties. The parties do not believe that any factual or legal issues can be further narrowed at this point.

4. The parties do not agree to a magistrate judge for this case.

5. The parties believe that there is a possibility of settling this case before discovery is completed. The parties believe immediate ADR would be appropriate. The parties do not believe a stay of discovery is necessary while that occurs.

---

present action. The plaintiff maintains that PIMMCO and I Ricchi were joint employers. Defendant I Ricchi has not

2

6. The parties believe that mediation is appropriate in this case.

7. The plaintiff believes that this case can be disposed of by motion for summary judgment. Defendant PIMMCO disagrees.

8. The parties believe that the deadline for dispositive motions should be April 28, 2006, with oppositions due May 19, 2006 and reply briefs due May 30, 2006.

9. The parties propose that initial disclosures pursuant to Rule 26(a)(1) of the F.R.Civ.P. be dispensed with.

10. The parties believe that discovery should close 120 days after the date of the scheduling order for all Parties (including I Ricchi, if it remains a party), or on March 14, 2006, whichever is later, with the presumptive limits of the local rules imposed upon the number of depositions and interrogatories.

11. The parties propose that plaintiff's Rule 26(a)(2) report be served on January 14, 2006 before the close of discovery with defendant's report to be served on February 14, 2006. However, no experts are currently anticipated by the parties.

---

filed an Answer or otherwise responded, but I Ricchi anticipates that it will move to dismiss all claims against it.

12. There are no class issues involved in this case.

13. The parties do not believe that discovery or trial should be bifurcated.

14. The parties proposes that a final pre-trial date be set for 60 days after decision on the summary judgment motion if denied.

15. The plaintiff proposes that a firm trial date be set at the first scheduling conference. Defendant PIMMCO has no preference as to the setting of a firm trial date.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SCHEDULING ORDER**

UPON CONSIDERATION OF the parties' Local Civ. R. 16.3 statement, the Court enters the following scheduling order:

1. This case will be placed on the standard track.

2. Discovery will close on March 14, 2006.

3. Plaintiff's 26(a)(2) report will be due on January 14, 2006. Defendant's 26(a)(2) report will be due February 14, 2006.

4. Dispositive motions must be filed by April 28, 2006. Oppositions are due May 19, 2006 and reply briefs are due May 30, 2006.

SO ORDERED THIS _____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

5